OPINION
Appellant, Robert S. Scuba, appeals the judgment entry of the Geauga County Court of Common Pleas granting a dismissal of his petition for a writ of mandamus.
On February 10, 2000, appellant filed a petition for a writ of mandamus in the lower court.[1] In that petition, appellant sought enforcement for the production of records he requested pursuant to R.C. 149.43. He claimed that he petitioned appellees, Sheriff "Red" Simmons and the custodian of records at the Geauga County Sheriff's Department, for the production of documents on or about March 21, 1999, but appellees failed to comply. Specifically, he requested all files, documents, statements, witnesses' names and addresses, videotaped conversations, and any other material generated by anyone involved in his prosecution. Appellant claimed that he needed the records in order to file a petition for postconviction relief.
On May 15, 2000, appellees moved to dismiss appellant's petition for a writ of mandamus for failure to state a claim. This motion was predicated on the basis that a criminal defendant may only use Crim.R. 16 to obtain discovery, not R.C. 149.43. On May 19, 2000, appellant filed an "Affidavit/Motion Declare and Establish the Record as Currently Un-contradicted."
In a judgment entry dated May 26, 2000, the trial court granted appellees' motion to dismiss appellant's petition for a writ of mandamus and overruled appellant's motion. It is from that entry that appellant timely filed the instant appeal and now asserts the following assignment of error:
 "Did the lower court abuse its discretion when it dismissed [a R.C.] 149.43(C) action, premised upon [appellees] use of an erroneous un-reported [sic] case that conflicts with well established law making available access `public records' to Ohio citizens, be they incarcerated or public at large."
 Appellant's sole contention appears to be that he is entitled to the records pursuant to R.C. 149.43(C).
The Supreme Court of Ohio has held that in a criminal proceeding, "a defendant may use only Crim.R. 16 to obtain discovery." State ex rel.Steckman v. Jackson (1994), 70 Ohio St.3d 420, paragraph two of the syllabus; see, also, State ex rel. Keller v. Cox (Sept. 4, 1998), Miami App. No. 98 CA 24, unreported, at 1, 1998 WL 906364. The Supreme Court also established that a defendant may only use Crim.R. 16 to obtain discovery during the pendency of a criminal proceeding and that a defendant who has exhausted the direct appeal process may not avail himself of the remedies available pursuant to R.C. 149.43 to support a petition for postconviction relief. Steckman, 70 Ohio St.3d at 437.
Here, after a review of the record, we conclude that appellant seeks the information for the purpose of postconviction relief, and his attempt to procure the records through R.C. 149.43 is improper. Thus, the relief he prays for cannot be granted on that basis.
Furthermore, a writ of mandamus is an extraordinary remedy that will only be granted provided the petitioner is able to demonstrate:
 "`(* * *) (1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that (the) relator has no plain and adequate remedy in the ordinary course of the law.' State ex rel. Harris v. Rhodes (1978), 54 Ohio St.2d 41, 42, * * *." (Parallel citation omitted.) Miller v. Ct. of Common Pleas, Portage Cty. (Mar. 7, 1997), Portage App. No. 96-P-0249, unreported, at 1, 1997 WL 197080.
 In State ex rel. Shane v. New Philadelphia Police Dept. (1990), 56 Ohio St.3d 36, 37, the Supreme Court limited the defendant's right to discover any records to the criminal discovery process. The Supreme Court held that "a criminal defendant may not obtain a writ of mandamus under R.C. 149.43 to secure public records when he may litigate his right to obtain these records in his criminal case. * * * [The defendant] had an adequate legal remedy, criminal discovery, to test any right he had to obtain these documents as public records. Trial courts can decide R.C. 149.43 issues in the discovery process. * * *" Id. (Citations omitted.) See, also, State ex rel. Vindicator Printing Co. v. Watkins (Dec. 31, 1991), Trumbull App. No. 91-T-4555, unreported, at 3, 1991 WL 280007.
In the case at bar, appellant has failed to meet the third prong of the test set forth in Miller, supra, unreported, which requires that he have "no plain and adequate remedy in the ordinary course of the law." Appellant could have sought discovery through Crim.R. 16. Therefore, since there was an adequate remedy at law, appellees' motion to dismiss was properly granted. Appellant's assignment of error lacks merit.
The judgment of the Geauga County Court of Common Pleas is affirmed.
____________________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., NADER, J., concur.
[1] We note that appellant's petition for writ of mandamus shows that the caption referred solely to the Geauga County Court of Common Pleas. However, it was filed on the docket of this court. As a result, on March 10, 2000, appellees filed a motion with this court to remand the matter to the court of common pleas. This court issued an entry on April 5, 2000, granting appellant ten days to file a submission indicating whether he intended to maintain the action in this court. Appellant did not file any such motion, and thus, on May 1, 2000, this court concluded that appellant conceded that he intended for the matter to be heard by the court of common pleas. Therefore, we transferred the matter to the court of common pleas.